**Carmen J. TERRAZAS–JIMENEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74647.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2006.*

Filed May 11, 2006.

Dan R. Larsson, Law Office of Dan R. Larsson, Bend, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Carmen Terrazas–Jimenez ("Terrazas"), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from the decision of the Immigration Judge ("IJ"). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we "lack jurisdiction to review the IJ's subjective, discretionary determination that [Terrazas] did not demonstrate 'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D).' " [1] *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We retain jurisdiction over Terrazas' due process claims, *id.;* however, we lack jurisdiction over Terrazas' claim of IJ bias because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (stating that a court may review a final order of removal only if the alien has exhausted all administrative remedies); *Sanchez–Cruz v. INS,* 255 F.3d 775, 779–80 (9th Cir.2001) (concluding that, although the petitioner's allegation of IJ bias presented a colorable due process claim, the claim was precluded by her failure to present it to the BIA).

We reject Terrazas' contention that the IJ violated his due process rights by issuing a boilerplate decision. Unlike *Paramasamy v. Ashcroft,* 295 F.3d 1047 (9th Cir.2002), in which IJ Ho "relied heavily on demeanor findings identical to those contained in two other cases before her," and in which her order contained "disturbing inaccuracies," her decision in the instant case gives Terrazas the individualized determination that is required. *Id.* at 1049, 1051. The IJ set forth the facts as testified to by Terrazas and his father and devoted two pages to legal analysis specific to his claim. The March 1996 entry date she cited was the date in the Notice to Appear, and the date did not affect her analysis because the ten-year requirement of 8 U.S.C. § 1229b(b)(1) was not at issue. Moreover, we are to review the decision of the BIA, *Xue Yun Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005), and the BIA's decision reveals a careful review of the record. Terrazas accordingly received an individualized review of his case.

Terrazas' third claim—that the IJ failed to consider fully each of the factors for cancellation of removal—is, by his own admission, a claim that the IJ abused her discretion, a claim over which we lack jurisdiction. *Martinez–Rosas,* 424 F.3d at 930.

For the foregoing reasons, the petition for review is

**DENIED in part and DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.